Mr. Oscar Stilley, Attorney at Law 5111 Rogers Avenue Central Mall Plaza, Suite 516 Fort Smith, Arkansas 72903
Dear Mr. Stilley:
You have requested certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed constitutional amendment:
 (Popular Name)
AN AMENDMENT TO ABOLISH THE SALES AND USE TAX UPON USED GOODS, AND THE TAX UPON PERSONAL AND CORPORATE INCOMES, AND TO PROVIDE FOR A GRADUAL PHASE-OUT OF THE INCOME TAX CONDITIONED UPON THE LEGISLATIVE GRANT OF PROCEDURAL DUE PROCESS RIGHTS TO CERTAIN TAXPAYERS
 (Ballot Title)
AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO ABOLISH THE SALES AND USE TAX ON USED GOODS, AND THE STATE TAX ON PERSONAL AND CORPORATE INCOMES; TO AUTHORIZE THE ARKANSAS GENERAL ASSEMBLY TO PHASE OUT THE TAXES ON PERSONAL AND CORPORATE INCOME ON CONDITION THAT THE GENERAL ASSEMBLY PROTECT ALL ARKANSAS CITIZENS AND LAWFUL RESIDENTS FROM THE COLLECTION OF ANY DIRECT TAX BY LIEN, LEVY, OR OTHER DISTRAINT UPON THE WAGES, BANK ACCOUNTS, OR OTHER PROPERTY OF THE TAXPAYER, BY ANY GOVERNMENTAL AGENCY AFTER THE TAXPAYER HAS BEEN GIVEN NOTICE AND OPPORTUNITY TO DEFEND, WITH THE RIGHT TO JURY TRIAL AND ALL OTHER Us CONSTITUTIONAL GUARANTEES, 1) BY ENFORCED DIRECT LEGISLATIVE PROHIBITION, OR, 2) BY REPAYING THE CITIZEN THE MONEY TAKEN, OR THE REASONABLE VALUE OF THE PROPERTY TAKEN, WITHIN 30 DAYS OF NOTIFICATION OF AN OFFICER LEGISLATIVELY DESIGNATED FOR THAT PURPOSE, OR, 3) BY PAYMENT OF THREE TIMES THE WHOLE AMOUNT OF TAX SET FORTH IN THE PERTINENT LIEN, LEVY OR OTHER SUMMARY COLLECTION DOCUMENT, PRIOR TO ASSESSING OR COLLECTING ANY STATE INCOME TAX FOR THE YEAR IN WHICH THE LIEN OR LEVY WAS FILED OR EXECUTED; TO PROVIDE THAT LIABILITY FOR DAMAGES TO BE PAID BY THE STATE PURSUANT TO THIS AMENDMENT OR IMPLEMENTING LEGISLATION SHALL BE DEEMED A PENALTY FOR THE CAUSING OR THE FAILURE TO PREVENT THE VIOLATION OF PROCEDURAL DUE PROCESS, AND SHALL NOT BE AFFECTED BY ANY LATER ADJUDICATION OF THE UNDERLYING TAX LIABILITY; PROVIDING THAT THE TERM "DIRECT TAXES" FOR PURPOSES OF THIS AMENDMENT MEANS TAXES UPON THE EARNING, PAYMENT, OR RECEIPT OF WAGES, SALARY, OR OTHER INCOME, AND TAXES UPON ESTATES, INHERITANCES, AND GIFTS; PROVIDING THAT IF THE STATE OF ARKANSAS FULLY OBEYS AND ENFORCES THE PROCEDURAL DUE PROCESS PROVISIONS SET FORTH IN THE AMENDMENT, AND IN ANY IMPLEMENTING LEGISLATION, THAT STATE MAY FOR THE TAXABLE CALENDAR YEAR 1998, AND ALL SUBSEQUENT YEARS, COLLECT INCOME TAXES IN AN AMOUNT NO GREATER THAN THAT WHICH, TOGETHER WITH STATE SALES AND USE TAX REVENUES, IS NECESSARY TO GENERATE REVENUE NOT TO EXCEED $2.7 BILLION DOLLARS; PROVIDING THAT TAXPAYERS WITH THE LOWEST INCOMES, WHETHER CORPORATE OR PERSONAL, SHALL BE FIRST EXCUSED FROM THE PAYMENT OF INCOME TAXES; PROVIDING THAT AFTER THE LAST YEAR IN WHICH INCOME TAX IS NECESSARY TO SUPPLY THE STATE WITH $2.7 BILLION IN SALES, USE, AND INCOME TAX COLLECTIONS, THE INCOME TAX SHALL BE FOREVER PROHIBITED UNLESS AND UNTIL REAUTHORIZED BY CONSTITUTIONAL AMENDMENT; PROVIDING THAT THE COLLECTION OF INCOME TAX WHILE FAILING TO COMPLY WITH SECTION 2 OF THIS AMENDMENT, OR ITS IMPLEMENTING LEGISLATION, SHALL CONSTITUTE AN ILLEGAL EXACTION; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE TAXPAYER, SEVERABILITY, AND GENERAL REPEALER OF CONFLICTING PROVISIONS; PROVIDING THAT THE AMENDMENT IS SELF EXECUTING AND SHALL TAKE EFFECT JANUARY 1, 1999, EXCEPT AS OTHERWISE PROVIDED; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposals under the above precepts, I conclude that the following popular name and ballot title should be substituted for the ones submitted, in order to apprise the voters more fully of the proposed amendment's provisions:
 (Popular Name)
AN AMENDMENT TO ABOLISH THE SALES AND USE TAX UPON USED GOODS, AND TO ABOLISH THE TAX UPON PERSONAL AND CORPORATE INCOMES, OR, ALTERNATIVELY, TO PHASE OUT THE INCOME TAX GRADUALLY
 (Ballot Title)
AN AMENDMENT TO THE ARKANSAS CONSTITUTION ABOLISHING THE SALES AND USE TAX ON USED GOODS, AND THE STATE TAX ON PERSONAL AND CORPORATE INCOMES; ALLOWING GOVERNMENTAL ENTITIES TO IMPOSE A SALES AND USE TAX UPON GOODS NOT PREVIOUSLY SUBJECT TO SALES AND USE TAX; AUTHORIZING THE ARKANSAS GENERAL ASSEMBLY THE OPTION OF ELECTING TO PHASE OUT THE TAXES ON PERSONAL AND CORPORATE INCOME GRADUALLY ON CONDITION THAT THE GENERAL ASSEMBLY PROTECT, BY MEANS PROVIDED, THE DUE PROCESS RIGHTS OF ALL ARKANSAS CITIZENS AND LAWFUL RESIDENTS WITH REGARD TO THE DISTRAINT OF TAXPAYER PROPERTY FOR COLLECTION OF DIRECT TAXES; PROVIDING THAT SUCH DISTRAINT SHALL NOT OCCUR WITHOUT THE CONSENT OF THE TAXPAYER OR AN ORDER OF A DULY CONSTITUTED COURT; PROVIDING THAT THE STATE SHALL BE SUBJECT TO POTENTIAL LIABILITY IN DAMAGES (INCLUDING POTENTIAL LIABILITY FOR PAYMENT OF TRIPLE THE AMOUNT OF THE TAX IN QUESTION) FOR CAUSING OR FAILING TO PREVENT THE VIOLATION OF PROCEDURAL DUE PROCESS RIGHTS, WHICH LIABILITY SHALL NOT BE AFFECTED BY ANY LATER ADJUDICATION OF THE UNDERLYING TAX LIABILITY; PROVIDING THAT THE TERM "DIRECT TAXES" FOR PURPOSES OF THIS AMENDMENT MEANS TAXES UPON THE EARNING, PAYMENT, OR RECEIPT OF WAGES, SALARY, OR OTHER INCOME, AND TAXES UPON ESTATES, INHERITANCES, AND GIFTS; PROVIDING THAT IF THE STATE OF ARKANSAS FULLY OBEYS AND ENFORCES THE PROCEDURAL DUE PROCESS PROVISIONS SET FORTH IN THE AMENDMENT, AND IN ANY IMPLEMENTING LEGISLATION, THAT THE STATE MAY, FOR THE TAXABLE CALENDAR YEAR 1998, AND ALL SUBSEQUENT YEARS, COLLECT INCOME TAXES IN AN AMOUNT NO GREATER THAN THAT WHICH, TOGETHER WITH STATE SALES AND USE TAX REVENUES, IS NECESSARY TO GENERATE REVENUE NOT TO EXCEED $2.7 BILLION DOLLARS; PROVIDING THAT TAXPAYERS WITH THE LOWEST INCOMES, WHETHER CORPORATE OR PERSONAL, SHALL BE FIRST EXCUSED FROM THE PAYMENT OF INCOME TAXES; PROVIDING THAT AFTER THE LAST YEAR IN WHICH INCOME TAX IS NECESSARY TO SUPPLY THE STATE WITH $2.7 BILLION IN SALES, USE, AND INCOME TAX COLLECTIONS, THE INCOME TAX SHALL BE FOREVER PROHIBITED UNLESS AND UNTIL REAUTHORIZED BY CONSTITUTIONAL AMENDMENT; PROVIDING THAT THE COLLECTION OF INCOME TAX WITHOUT COMPLIANCE WITH SECTION 2 OF THIS AMENDMENT, OR ITS IMPLEMENTING LEGISLATION, SHALL CONSTITUTE AN ILLEGAL EXACTION; PROVIDING THAT STATE SALES AND USE TAX SHALL NOT INCLUDE SALES AND USE TAX EARMARKED EXCLUSIVELY FOR COUNTY AND MUNICIPAL GOVERNMENTS; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE TAXPAYER, SEVERABILITY, AND GENERAL REPEALER OF CONFLICTING PROVISIONS; PROVIDING THAT THE AMENDMENT IS SELF EXECUTING AND SHALL TAKE EFFECT JANUARY 1, 1999, EXCEPT AS OTHERWISE PROVIDED; AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh